IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARIO ANTON LEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:18-cv-8016-LSC |
| | ) | (2:00-cr-00347-LSC-JHE-1) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

The Court has before it Petitioner Mario Anton Lee's ("Lee's") Motion to
Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For
the reasons set forth below, the motion will be denied.

## I.    Background

This is not Lee's first effort. In fact, Lee has been a frequent filer. After
being convicted in March 2001 of one count of conspiracy to distribute cocaine
base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), one count of possession
with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and §
841(b)(1)(C), one count of possession with intent to distribute marijuana, in
violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and three counts of money

laundering, in violation of 21 U.S.C. § 1956(a)(1)(A)(i); and after being sentenced in June 2001 to a total sentence of 105 years imprisonment; and after having had his conviction and sentence affirmed on direct appeal, Lee filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on September 29, 2003. *See generally Lee v. United States*, 2:03-cv-8039-LSC-RRA. That Motion was denied by this Court on September 20, 2006. Lee attempted to appeal the ruling denying him relief but was denied a Certificate of Appealability by the Eleventh Circuit Court of Appeals.

This led Lee to file, on January 8, 2013, what he styled as a "Federal Rule of Civil Procedure 60(B) Motion." That motion was denied on January 14, 2013. Lee attempted to appeal but was denied a Certificate of Appealability by the Eleventh Circuit on July 1, 2013.

Refusing to be deterred, on August 14, 2013, Lee filed another motion, this time citing "Federal Rule of Criminal Procedure Section 3742(a)(1)." That motion was denied on December 11, 2013. This Court expressly informed Lee that he must seek authorization from the Eleventh Circuit Court of Appeals before filing what is in essence a successive § 2255 motion. Lee was once again denied a Certificate of Appealability by the Circuit Court, this time on August 15, 2014.

Lee then filed what he styled a "Federal Rule of Civil Procedure 12(b)(4)(6) Motion" on September 23, 2015. This Court denied that motion as another illegal successive § 2255 motion on October 5, 2015.

On September 13, 2016, the Eleventh Circuit denied Lee's direct request for leave to file a successive § 2255 petition. Despite being denied permission from the Eleventh Circuit, Lee nonetheless filed in this Court another § 2255 motion on April 14, 2017. *See Lee v. United States*, 2:17-cv-8014-LSC. This Court denied the motion for lack of jurisdiction on October 17, 2017. Lee did not appeal that ruling.

He filed the instant § 2255 motion on June 28, 2018.

## II.     Discussion

There is no indication that Lee has obtained an authorizing order from the Eleventh Circuit before filing this motion. Accordingly, this Court is precluded from considering the successive § 2255 motion. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *see also United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

## III.     Conclusion

Lee's § 2255 motion is due to be denied for lack of jurisdiction.

Additionally, pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the Court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability ("COA"). Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.*

The Court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition. Accordingly, a COA will not issue from this Court.

The Court will enter a separate order in conformity with this Memorandum of Opinion.

**DONE** AND **ORDERED** ON AUGUST 21, 2018.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704